IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                                                         ORDER

          Plaintiff,

                                                     07-cv-318-bbc

    v.

CAPT. BRUCE MURASKI; DON STRAHOTA;
CAPT. O'DONOVAN; SGT. VOSS;
and CAPT. WIERENGA,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff has filed a letter dated February 28, 2008, in this case, that I construe as a motion for a preliminary injunction prohibiting prison officials from interfering with his ability to prosecute this case as well as a number of other cases and appeals. Plaintiff admits that he did not serve a copy of his motion on counsel for the defendants as he is required to do pursuant to Fed. R. Civ. P. 5. However, because plaintiff's filing has been scanned into the court's electronic docket, defendants have access to the submission through the federal court's PACER system. Therefore, I will address plaintiff's motion on its merits.

      First, it is not proper for plaintiff to raise in the context of this lawsuit a claim that defendants are interfering with his ability to prosecute other lawsuits and appeals. I may consider plaintiff's motion only to the extent that it raises concerns regarding his ability to

1

prosecute this particular case.

Plaintiff supports his motion with unsworn allegations targeted at unknown individuals.  For example, he says that "defendants at WCI" are confiscating his typewriter ribbons, writing him "bogus" conduct reports, holding him in segregated status, limiting his access to the canteen where he buys stamps and writing paper, telling him that the amount of legal paper he has exceeds the allowable limit and requiring him to select what he will keep and what must be sent out of the institution or destroyed.  In addition, plaintiff says that he fears for his life at the Waupun Correctional Institution.  He says that an inmate he is to be separated from has been transferred into the institution and put in the cell hall next to him, which means that it is possible the two of them may end up together in the prison's law library.  He says that two other inmates have told him that "staff" asked them to "set [plaintiff] up."

Plaintiff asks that he be transferred out of the Waupun Correctional Institution, that prison officials be ordered to allow plaintiff to have all of his files on his pending lawsuits and that "all court set deadlines be placed in abeyance until the matter of [his] files on those cases are addressed."

There is no need to discuss at length plaintiff's request for a transfer from the Waupun Correctional Institution.  The decision where to house inmates in Wisconsin's prison system and when to transfer them belongs exclusively to prison officials.  Unlike the

2

courts, prison administrators have available to them information critical to such decisions, such as the number of inmates needing housing, the amount of available space at each institution and whether safety considerations require an inmate to be separated from another.

As for plaintiff's request that the deadlines in this case be stayed in order to allow him to have "all his files," and that his files be returned to him, the requests must be denied. First, because plaintiff drafted his motion in general terms rather than focusing exclusively on this lawsuit, he has failed to show that he does not have access to the legal papers he needs to continue to prosecute this case, or that his current lack of access to canteen items such as postage and paper is preventing him from filing papers necessary to defend against a motion filed by the defendants. Indeed, the record reflects that at the present time, defendants have filed no motions in this case and that dispositive motions are not due to be filed until April 4, 2008. Because plaintiff has not provided proof that one or more of the defendants in this case are preventing him from prosecuting his claims against them, plaintiff's motion for a preliminary injunction must be denied.

ORDER

IT IS ORDERED that plaintiff's motion for a preliminary injunction (Dkt. #48) is DENIED.

Entered this 10th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge