IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                 Plaintiff,

   v.

CAPT. BRUCE MURASKI; DON STRAHOTA;
CAPT. O'DONOVAN; SGT. VOSS;
and CAPT. WIERENGA,

                 Defendants.

ORDER

07-cv-318-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights action brought under 42 U.S.C. § 1983, plaintiff Shaheed Madyun is proceeding on claims that defendants conspired to place him in segregation because of his activities as a jailhouse lawyer and that defendant Bruce Muraski ordered officers to destroy plaintiff's legal materials and personal documents because of plaintiff's lawyering activities.  Defendants' motion for summary judgment on both of these claims is ripe for review.  Because plaintiff has failed to adduce any evidence that defendants retaliated against him in violation of his constitutional rights, defendants' motion will be granted.

      Plaintiff's motions to delay a ruling on summary judgment, dkt. #74, and to file

1

additional briefs, dkt. #76, will be denied for the reasons expressed in the May 21 opinion and order in Madyun v. Kuster, 08-cv-32-bbc, another case in which plaintiff filed identical motions. Defendant's motion to strike one of plaintiff's briefs, dkt. #73, will be denied as unnecessary. Even if I consider that brief, plaintiff cannot prevail on his claims.

The undisputed facts show that plaintiff was placed in segregation because he was found guilty of threatening a prisoner. Just before plaintiff was about to be placed in a cell with another prisoner, he said to a correctional officer, "I'm not refusing to double up, go ahead and put me in with him. I will kill him. I guarantee he won't walk back out." Plaintiff has adduced no admissible evidence contradicting this fact or showing that his activities as a jailhouse lawyer were the real reason for his discipline. (In fact, plaintiff adduced almost no admissible evidence at all. He submitted one affidavit, dkt. #72, but much of it consisted of conclusory allegations or legal argument, neither of which is admissible as evidence at summary judgment. Scaife v. Cook County, 446 F.3d 735, 740 (7th Cir. 2006) ("to survive summary judgment, [plaintiff] needed to do better than to make such broad-brushed, conclusory allegations").)

With respect to the claim against defendant Muraski, the facts do show that plaintiff's cell was searched on February 9, 2007, but also that defendant Muraski had nothing to do with that search. Certainly, plaintiff points to no evidence suggesting that Muraski ordered other officers to destroy plaintiff's legal materials.

As I informed plaintiff in the screening order, it was his burden to prove his claim with evidence showing that defendants retaliated against plaintiff for the exercise of his constitutional rights. Borello v. Allison, 446 F.3d 742, 748 (7th Cir. 2006). Because plaintiff has failed completely to meet this burden, defendants' motion for summary judgment must be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Shaheed Madyun's motions to delay a ruling on summary judgement, dkt. #74, and to file additional briefs, dkt. #76, are DENIED.

2. The motion for summary judgment filed by defendants Muraski, Strahota, Wierenga, Voss and Donovan, dkt. #59, is GRANTED.

3. Defendants' motion to strike plaintiff's brief, dkt. #73, is DENIED as unnecessary.

4. The clerk of court is directed to enter judgment in favor of defendants and close

this case.

Entered this 12th day of June, 2008.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge