IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                                               ORDER

          Plaintiff,

                                          07-cv-318-bbc

     v.

CAPT. BRUCE MURASKI; DON STRAHOTA;
CAPT. O'DONOVAN; SGT. VOSS;
and CAPT. WIERENGA,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 13, 2008, judgment was entered in favor of the defendants dismissing this case. Now plaintiff has filed two documents titled "Notice of Appeal" (Dkt. ## 83 and 84), that I construe together as a single notice of appeal from all of the dispositive orders entered in the case. In particular, I understand plaintiff to be appealing from the July 31, 2007 screening order, the December 27, 2007 decision to sever certain of plaintiff's claims into separate actions pursuant to Fed. R. Civ. P. 20 and the June 13, 2008 decision to grant summary judgment to the remaining defendants on plaintiff's claims that defendants conspired to retaliate against him for his activities as a jailhouse lawyer. Because plaintiff's notice of appeal is not accompanied by the $455 fee for filing an appeal, I construe the

1

combined notice to include a request for leave to proceed in forma pauperis on appeal. That request will be denied, because plaintiff has struck out under 28 U.S.C. § 1915 and therefore, does not qualify for pauper status on appeal. (Plaintiff incurred two strikes in Madyun v. Litcher, 02-cv-43-bbc, one in the district court on Mar. 8, 2002, and a second in the Court of Appeals for the Seventh Circuit on Dec. 30, 2002. He earned a third strike on July 24, 2006, when he filed a frivolous appeal in Madyun v. Cook, 04-cv-343-bbc).

There is only one exception to § 1915(g) that allows a prisoner who has struck out to obtain pauper status on appeal. That exception does not apply here. Plaintiff's complaints about retaliation do not involve a matter that subjects him to imminent danger of serious physical injury. Therefore, if plaintiff wishes to pursue his appeal, he will have to pay the $455 filing fee in full. He may delay such payment under one circumstance only; that is, if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that it was improper to apply the three-strikes bar against plaintiff in this case, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith. If the court of appeals determines that the district court was correct in finding that § 1915(g) bars plaintiff from taking his appeal in forma pauperis, the $455 filing fee payment will be due in full immediately. Whatever the scenario, plaintiff is responsible for

insuring that the required sum is remitted to the court at the appropriate time.

## ORDER

IT IS ORDERED that plaintiff's notices of appeal (Dkt. ##83 and 84) are construed together as a single notice of appeal from the dispositive orders entered in this case on July 31, 2007, December 27, 2007 and June 13, 2008.

Further, IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED because, as a prisoner who has struck out under 28 U.S.C. § 1915(g), plaintiff is not eligible to proceed in forma pauperis on appeal.

The clerk of court is requested to insure that plaintiff's obligation to pay the $455 is reflected in this court's financial records.

Entered this 17th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3